## Bob James v. The State.

### No. 3324.  Decided February 14, 1906.

**Local Option—Intoxicant—Sufficiency of Evidence—Frosty—Test.**

The test of the intoxicating properties of liquid does not depend on the name used or the name under which any such liquid was sold, but on the fact whether such liquid drank in reasonable quantities, such as a human stomach could hold, would intoxicate.  See evidence in opinion held sufficient to support judgment of conviction.

Appeal from the County Court of Fannin.  Tried below before Hon. Tom C. Bradley.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, his punishment fixed at a fine of $25 and twenty days confinement in the county jail: hence this appeal.

The statement of facts shows that about the time alleged in the indictment, Calle Fletcher bought from appellant about two dozen bottles of Frosty, or what was sold to him as Frosty.  That he and some other boys went to an occasion at Boyd's schoolhouse, and drank the Frosty there, and some of the boys became intoxicated.  The testimony also tends to show that it might have been beer and not Frosty.  It is also shown that Calle Fletcher, and some of the boys, drank whisky on that day, but the whisky was drunk sometime prior to the drinking of the beer.  The testimony indicates that the last whisky drank by any of them was about 3 o'clock in the day, and the beer was drank that night after 7 or 7:30 o'clock.  The testimony for the defendant shows that the decoction sold was Frosty, and that they kept no beer in stock; that Frosty was a non-intoxicant, and would not make drunk.  The question of whether or not the liquid sold, called Frosty, was intoxicating, in our opinion was fairly submitted by the court, if not in the court's original charge in the requested charges which were given; and the jury having found it was an intoxicant, we can see no reason why the verdict and judgment of the court should be reversed.  We have held that the intoxicating properties of liquids did not depend on the name used or the name under which any such liquid was sold, but on the fact whether such liquid drank in reasonable quantities, such as the human stomach would hold, would make drunk or intoxicate, was the real test.  The evidence here shows that it did intoxicate, and the judgment must be affirmed.  Nor, in our opinion,

does it make any difference that some of the parties may have drank whisky some hours previous to drinking the Frosty. In our opinion, the evidence fails to show that the whisky was drunk so proximate in point of time to the drinking of the Frosty as to have entered into combination with the beer to have made the parties drunk. There being no error in the record, the judgment is affirmed.

*Affirmed.*